UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| IN RE: SKELAXIN (METAXALONE) | ) | 1:12-md-2343 |
| ANTITRUST LITIGATION | ) | Lead case No. 2:12-cv-4 |
| | ) | *Skelaxin Antitrust Litigation* |
| THIS DOCUMENT RELATES TO | ) | Collier/Carter |
| End Payor Actions | ) | |

MEMORANDUM AND ORDER

This order addresses several outstanding motions to seal documents filed in this case. The undersigned will not reiterate the legal standard required to place documents under seal because I have already done so numerous times in this action, most recently in my order dated March 25, 2015 [Doc. 852]. Those standards are incorporated herein. [1]

Doc. 551 - End-Payor Plaintiffs' (EPPs) Motion To File Under Seal Their Reply in Support of End-Payor Plaintiffs' Motion for Reconsideration.

The EPPs seek to file a reply brief under seal because it contains information designated as confidential by King Pharmaceuticals, LLC (King) or by Mutual Pharmaceutical Company, Inc. (Mutual). The purpose of filing such a motion is to give King and Mutual an opportunity to file a response setting forth good cause to file the reply brief under seal if either so desires. Neither King nor Mutual have filed such a brief and, therefore, the motion to seal is DENIED. Doc. 552 shall be unsealed and remain in the public record.

Doc. 672 - End-Payor Plaintiffs' Motion To File Under Seal.

The EPPs move to file certain documents under seal [Docs. 673 and 674] because they contain information deemed confidential by King. King has not responded to show good cause

---

[1] This order does not address any motion filed in the Walgreen case, No. 1:12-cv-203, and the Rite Aid case, No. 1:13-cv-5. Those two cases are currently stayed for all purposes.

1

for filing said documents under seal. Therefore, the motion to seal [Doc. 672] is DENIED and Docs. 673 and 674 shall be unsealed and remain in the public record.

### Doc. 692 – EPPs' Motion to File Under Seal.

The EPPs have moved to temporarily seal the following because they contain information designated as confidential by King:

End-Payor Plaintiffs' Memorandum in Support of Their Motion to Compel King to Produce Documents Improperly Withheld From Discovery and for an *in Camera* Review or, in the Alternative, to Compel King to Supplement its Privilege Logs

Declaration of Amber M. Nesbitt in Support of End-Payor Plaintiffs' Motion to Compel King to Produce Documents Improperly Withheld From Discovery and for an *in Camera* Review or, in the Alternative, to Compel King to Supplement its Privilege Logs

King has not filed a response showing good cause to file these documents under seal. Therefore, the motion to seal [Doc. 692] is DENIED. Docs. 693 and 694 shall be unsealed and shall remain in the public record.

### Doc. 698 – The EPPs' MOTION for Leave to File Under Seal the EPPs' Sur-Reply In Opposition to King's Emergency Motion For Protective Order Re: Third Party Subpoenas.

The EPPs move for leave to file their sur-reply under seal because it contains information designated as confidential by King. King has not filed a response showing good cause to file these documents under seal. Therefore, the motion to seal [Doc. 698] is DENIED. Doc. 699 shall be unsealed and shall remain in the public record.

### Doc. 758 – EPPs' Motion to File Under Seal.

The EPPs move to seal the Declaration of Kenneth A. Wexler in Support of End-Payor Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement, Appointment of Class Lead Counsel, Preliminary Approval of Proposed Settlement, Approval of Proposed Form of Notice, and the Establishment of a Final Settlement Schedule and Date for a Fairness Hearing. [Docs. 759 and 760].

According to the EPPs, maintaining the Confidential Agreement under seal is crucial to implementing the Settlement between the End-Payor Plaintiffs and Mutual:

> … Mutual reserved the right to withdraw from the Settlement if the opt-outs exceed the percentage specified in the Confidential Supplemental Agreement. Settlement Agreement ¶ 16.A, attached as Ex. 1 to the Declaration of Kenneth A. Wexler in Support of the Unopposed Motion. Potential opt-outs may exploit this type of provision by demanding undue compensation for not scuttling the settlement. At worst, this could result in the failure of the Settlement to become effective. At best, it could result in Settlement proceeds being unfairly channeled away from the proposed Settlement Class members to parties and attorneys who do not deserve them.

(EPPs' Motion to Seal, Page ID # 24672).

As to the remaining information, the EPPs aver,

> The proposed Sealed Exhibit B contains a sample of Skelaxin and metaxalone purchase data from one of the named plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW"). This data reflects proprietary information relating to the contract between UFCW and its pharmacy benefit manager reflecting prices paid for the drugs and is the type of information previously sealed by this Court. *See*, *e.g.*, (Dkt. Nos. 288, 289 (motion for protective order re: plaintiffs' purchase data), 414 (order granting motion)).

(*Id.* at Page ID ## 24672-73.) For good cause shown, this motion to seal [Doc. 758] is GRANTED. Docs. 759 and 760 shall remain under seal.

SO ORDERED.

ENTER.

                                      /s *William B. Mitchell Carter*
                                      WILLIAM B. MITCHELL CARTER
                                      UNITED STATES MAGISTRATE JUDGE